In the Matter of SYLVIA SAFRAN, Respondent, v. HERMAN SAFRAN, Appellant.— Order of the Domestic Relations Court (Family Court), County of Kings, unanimously affirmed, with costs. The evidence amply sustains the order on the theory that the petitioner wife was likely to become a public charge. Under such circumstances the court had jurisdiction to make an award despite the decree of the Supreme Court in the separation action dismissing the wife's complaint. (Laws of 1933, chap. 482, § 137.) Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of JAMES VIGNOLA, Appellant, for an Order of Mandamus against THOMAS W. HAMMOND, as Commissioner of the Department of Sanitation of the City of New York, Respondent.— Order denying the application of the petitioner for a peremptory or an alternative order of mandamus requiring his reinstatement to the position of regular sweeper in the department of sanitation of the city of New York from which he had been discharged after a hearing on charges of accepting money and gratuities in violation of departmental rules unanimously affirmed, without costs, both on the ground of laches in applying for the remedy and on the merits. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of JOHN J. WALSH, Respondent, for a Mandamus Order against FIORELLO H. LAGUARDIA, Mayor of the City of New York, and LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Appellants.— Order in so far as it denies appellants' motion for a retaxation of the petitioner-respondent's bill of costs and disbursements by striking therefrom the items: " Making and serving case $20; Making and serving case of more than 50 folios $10," reversed on the law, with ten dollars costs and disbursements, and appellants' motion granted, with ten dollars costs. On the appeal from the Special Term to this court from an order denying petitioner-respondent's motion for a peremptory mandamus order there was no " case " made and settled within the purview of subdivision k of section 1504 of the Civil Practice Act. The appeal was heard on papers certified by the clerk. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. [See 245 App. Div. 835.]